UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

JORGE RAMOS VALDEZ, on behalf of
himself and all others similarly
situated,

                         Plaintiff,          <u>REPORT AND</u>
                                        <u>RECOMMENDATION</u>

         - against -           14-cv-4701 (SLT)(MDG)

H & S RESTAURANT OPERATIONS, INC.
d/b/a EL MIO CID, and JULIO HUGO in
his individual and professional
capacities,

                          Defendants.

- - - - - - - - - - - - - - - - - - -X


TO: THE HONORABLE SANDRA L. TOWNES:

     Plaintiff Jorge Ramos Valdez seeks recovery of unpaid
overtime wages from defendants H & S Restaurant Operations, Inc.
and Julio Hugo (collectively "defendants") under the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et</u> <u>seq.</u>, as well as
pendent state claims under the New York Labor Law ("Labor Law"),
N.Y. Lab. Law, Art. 19 §§ 650 <u>et</u> <u>seq</u>. Following defendants'
failure to answer or otherwise respond to the complaint, and
entry of default against them, the Honorable Sandra L. Townes
referred to me plaintiff's motion for default judgment to report
and recommend.

## PERTINENT FACTS

The following facts adduced from the Complaint and plaintiffs' submissions are undisputed and are taken as true for purposes of deciding this motion.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted).

Plaintiff Jorge Ramos Valdez worked for defendants from October 12, 2013 to September 1, 2014.  Compl. (ct. doc. 1) at ¶ 3; Valdez Decl. (ct. doc. 17-16) at ¶ 3.  Plaintiff washed dishes, painted and performed plumbing repairs at defendants' restaurant, El Mio Cid.  See Compl. at ¶ 3; Valdez Decl. at ¶ 5. Plaintiff worked six days per week throughout his employment. Compl. at ¶ 21; Valdez Decl. at ¶ 6.  From October 12, 2013 to April 22, 2014, plaintiff worked from 1:00 p.m. to 12:00 a.m., with a half-hour break each day, for a total of 63 hours per week; and from May 2, 2014 to September 1, 2014, plaintiff worked from 1:30 p.m. to 12:00 a.m., with a half hour break each day, for a total of 60 hours per week.  Valdez Decl. at ¶ 6. Plaintiff was paid $380 per week in cash, which was intended to compensate him for only the first forty hours worked per week. Compl. at ¶ 22; Valdez Decl. at ¶ 8.  Accordingly, plaintiff was not paid at all for the hours he worked in excess of forty each week.  Id.

Defendants also failed to provide plaintiff with a wage statement on each payday reflecting the number of hours that he worked, his regular rate of pay and his overtime rate of pay. Valdez Decl. at ¶ 9; Compl. at ¶ 62.

Defendant H & S Restaurant Operations, Inc. operates a restaurant doing business under the name, "El Mio Cid." Compl. at ¶ 9. Defendant Julio Hugo was the Chief Executive Officer of the restaurant and plaintiff's direct supervisor. Valdez Decl. at ¶ 4. Hugo was responsible for setting plaintiff's pay rate, work schedule, job duties and all other terms and conditions of his employment. Id.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on August 7, 2014. See ct. doc. 1. Plaintiff moved for default judgment after entry of default against defendants, who did not file an answer or otherwise respond to the complaint. On June 9, 2015, Judge Townes referred plaintiff's motion for default judgment to me to report and recommend.

## DISCUSSION

### I.  Governing Legal Standards

A defendant's default is an admission of all well-pleaded factual allegations in the complaint except those relating to damages. See Greyhound, 973 F.2d at 158; Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); see also City of

-3-

N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir.
2011).  A default also effectively constitutes an admission that
damages were proximately caused by the defaulting party's
conduct; that is, the acts pleaded in a complaint violated the
laws upon which a claim is based and caused injuries as alleged.
See Greyhound, 973 F.2d at 159.  However, the district court "is
also required to determine whether the [plaintiff's] allegations
establish [defendant's] liability as a matter of law."  Finkel v.
Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

    The court must ensure that there is a reasonable basis for
the damages specified in a default judgment.  The court has the
discretion to require an evidentiary hearing or to rely on
detailed affidavits or documentary evidence in making this
determination.  See Action S.A. v. Marc Rich and Co., Inc., 951
F.2d 504, 508 (2d Cir. 1991) (quoting Fustok v. ContiCommodity
Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)); Chun Jie Yin v.
Kim, 2008 WL 906736, at *2 (E.D.N.Y. 2008) (collecting cases);
Fed. R. Civ. P. 55(b)(2).  The moving party is entitled to all
reasonable inferences from the evidence it offers.  See
Romanowicz, 577 F.3d at 84; Au Bon Pain, 653 F.2d at 65 (citing
TWA, Inc. v. Hughes, 308 F. Supp. 679, 683 (S.D.N.Y. 1969)).

## II.  **Liability**

    Plaintiff brings claims under the FLSA alleging that
defendants violated section 207 of the statute and claims under

-4-

the New York Labor Law.[1]

    A.    <u>FLSA claims</u>

The FLSA was enacted by Congress "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" <u>Barrentine v. Arkansas-Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)) (footnote omitted). Section 207 of the FLSA specifies that an employer must pay an employee who works in excess of forty hours during a workweek for the excess hours "at a rate not less than one and one-half times the regular rate at which he is employed." <u>Id.</u> § 207(a)(1). Employers in violation of this provision "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." <u>Id.</u> § 216(b).

In addition, section 211(c) of the FLSA requires that covered employers "make, keep and preserve . . . records" of their employees with respect to "wages, hours, and other conditions and practices of employment" for a certain period of time. <u>Id.</u> § 211(c). The information that must be kept in these

---

[1] Although plaintiff also alleged violations of section 206 for failure to pay the proper minimum wage, he seeks damages only under section 207 for failure to pay overtime wages.

records is set forth in 29 C.F.R. § 516.2(a)(1)-(12).[2]  Section
215(a)(5) of the FLSA makes it unlawful for any employer covered
under the statute to violate any of these record-keeping
provisions.  See 29 U.S.C. § 215(a)(5).

    1.   Interstate Commerce Requirement

As a preliminary matter, a plaintiff in an FLSA action must
establish that the defendants are "employers" and that the
employer is engaged in "interstate commerce."  See 29 U.S.C.
§ 207(a), 203(s).  An employer is liable for wages under the FLSA
if it hires an employee who either: 1) is engaged in commerce or
in the production of goods for commerce or 2) is employed by an
enterprise engaged in interstate commerce or in the production of
goods for interstate commerce.  29 U.S.C. §§ 203(r),(s), 207(a).
Under the FLSA, an "enterprise engaged in commerce of in the
production of goods for commerce" is an entity that has employees
engaged in interstate commerce that has no less than $500,000 in
annual gross volume of sales.  See 29 U.S.C. § 203(s).

Plaintiff alleges in the complaint that defendants' used
goods, equipment and other materials which originated in other
states and gross sales were at least $500,000.  Compl. at ¶ 11.
Plaintiffs further allege that defendants' employees used goods
that moved in interstate commerce.  Id.  These allegations are

---

[2] Such regulations "have the force of law, and are to be
given controlling weight unless they are found to be arbitrary,
capricious, or manifestly contrary to statute."  Freeman v. Nat'l
Broadcasting Co., 80 F.3d 78, 82 (2d Cir. 1996) (citations
omitted).

sufficient to satisfy the interstate commerce requirement.  <u>See</u> <u>Gomez v. El Rancho de Andres Carne de Tres Inc.</u>, 2014 1310296, at *3 (E.D.N.Y. 2014) (inferring that restaurant employee handled goods moved in interstate commerce), <u>adopted by</u> 2014 WL 1310299 (E.D.N.Y. 2014); <u>Smith v. Nagai</u>, 2012 WL 2421740, at *2 (S.D.N.Y. 2012) (finding that restaurant's purchase of food out of state satisfied interstate commerce requirement).

        2.   <u>Employer</u>

The FLSA broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(a).  Plaintiff has established that the defendants operated the restaurant where plaintiff worked and that defendants had control over the terms and conditions of plaintiff's employment.  <u>See</u> Compl. at ¶¶ 9, 10. Therefore, the defendants are employers subject to FLSA liability.

        3.   <u>Sufficiency of Allegations</u>

Plaintiff alleges in the complaint that defendants did not pay him the proper compensation for work in excess of 40 hours per week.  Specifically, plaintiff alleges that he was paid a set amount each week for 40 hours of work.  Although plaintiff worked at least 60 hours per week, plaintiff was not paid any compensation for those hours worked in excess of 40 hours per week.  These facts are sufficient to state a plausible claim under the FLSA.

Based on the undisputed allegations in the complaint, I recommend finding defendants liable for violation of the overtime provisions of the FLSA.

B.   New York Labor Law

New York's Labor Law is the state analogue to the federal FLSA.  Although the Labor Law "does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any minimum amount of annual sales," it otherwise mirrors the FLSA in compensation provisions regarding overtime wages.  Chun Jie Yin, 2008 WL 906736, at *4; see N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (same method as employed in the FLSA for calculating overtime wages).

For the reasons discussed above, the allegations in the complaint are sufficient to impose liability on defendants under the Labor Law.  See Debejian v. Atl. Testing Labs., Ltd., 64 F. Supp. 2d 85, 87 n.1 (N.D.N.Y. 1999) (finding New York Labor Law provisions "substantially similar to the federal scheme" such that its analysis of federal law would apply equally to claims brought under the FLSA and New York law).

Plaintiff also seeks damages under the New York Wage Theft Prevention Act ("WTPA") for defendants' failure to provide weekly wage statements regarding, inter alia, his rate of pay and overtime rate.  The WTPA[3] amended the New York Labor Law to

---

[3] The statute was amended again effective February 27, 2015. See 2014 N.Y. Sess. Laws News of N.Y. Ch. 537 (A. 8106-c)
(continued...)

-8-

provide that an employee who is not provided a statement of wages for each work week is entitled to damages of $100 per week up to $2,500.  See id. §§ 195(3), 198(1-d) (2014).  Plaintiff adequately alleges that defendants failed to provide him with the statutory notices required.

## III.  **Damages**

A.   Recoverable Damages

Under the FLSA, plaintiffs who prevail under section 207 are entitled to "the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  As discussed above, the New York Labor Law mirrors the FLSA in terms of compensating for overtime wage violations.  In addition to the liquidated damages that may be awarded under the FLSA, see 29 U.S.C. § 216(b), liquidated damages are available under New York law. N.Y. Lab. Law § 663(1).

In calculating damages, this Court relies on the submissions of plaintiff and has not required a hearing.  The Second Circuit has expressly endorsed this approach so long as the court has "'ensured that there was a basis for the damages specified in the default judgment.'"  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting

---

[3](...continued)
(McKinney's).

Fustok, 873 F.2d at 40).  Plaintiff has submitted a sworn
declaration containing information as to hours worked and rates
of pay based on estimate and recollection.  Since the defendants
have failed to dispute plaintiff's allegations, I find that the
plaintiff has provided a sufficient basis for determination of
damages.

Generally, an employee-plaintiff under the FLSA "has the
burden of proving that he performed work for which he was not
properly compensated."  Anderson v. Mt. Clemens Pottery Co., 328
U.S. 680, 687 (1946), superseded on other grounds by The Portal-
to-Portal Act of 1947, 29 U.S.C. § 251, et seq.  As the Supreme
Court recognized in Anderson, "employees seldom keep . . .
records [of hours worked] themselves; even if they do, the
records may be and frequently are untrustworthy."  Id.
Therefore, the easiest way for an FLSA plaintiff to discharge his
or her burden of proof is to "secur[e] the production of those
records" from the employer, who has the duty to maintain such
records under section 11© of the FLSA.  Id.  However, by
defaulting, defendants have deprived plaintiff of the necessary
employee records required by the FLSA, thus hampering plaintiff's
ability to prove his damages.

In addressing the problem of proof faced by employees, the
Supreme Court in Anderson held that "an employee has carried out
his burden if he proves that he has in fact performed work for
which he was improperly compensated and if he produces sufficient

-10-

evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id.  As courts have found, a plaintiff can meet this burden "by relying on his recollection alone." Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005); see also Kuebel v. Black & Decker Inc., 643 F.3d 352, 362 (2d Cir. 2011); Padilla v. Manlapaz, 643 F. Supp. 2d 302, 307 (E.D.N.Y. 2009).  "In the absence of rebuttal by defendants," Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 625 (S.D.N.Y. 1998), or "[w]here the employer has defaulted, [as here, the employee's] recollection and estimates of hours worked are presumed to be correct."  Pavia v. Around the Clock Grocery, Inc., 2005 WL 4655383, at *5 (E.D.N.Y. 2005); see also Harold Levinson Assocs., Inc. v. Chao, 37 Fed. App'x 19, 20 (2d Cir. 2002).  "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with [the FLSA's record-keeping provisions]."  Anderson, 328 U.S. at 688.

New York law goes one step further and requires that employers who fail to maintain the appropriate records "bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements."  N.Y. Lab. Law § 196-a; see Padilla, 643 F. Supp. 2d at 307.  With this framework in mind, the Court proceeds to its calculation of damages.

B.   Determination of Damages

1.   Regular Hourly Rate

In order to calculate damages, the court must first determine the "regular hourly rate" received by plaintiff.  See 29 U.S.C. § 207(a)(1).  Generally, the regular hourly rate "is determined by dividing his total renumeration for employment . . . in any workweek by the total number of hours actually worked . . . ."  29 C.F.R. § 778.109.  "If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate."  29 C.F.R. § 778.113.  The regular rate of pay "must be drawn from what happens under the employment contract."  29 C.F.R. § 778.108; see Bay Ridge Operating Co. v. Aaron, 334 U.S. 446, 464 (1948).

Plaintiff calculated his regular hourly rate based on the assumption that the weekly pay received by plaintiff was compensation for only the first 40 hours worked per week. Plaintiff relies on district court cases in this Circuit that have found that "[a]bsent an agreement that the contracting parties understand the weekly salary to include overtime hours at the premium rate, courts have found that a weekly salary covers 40 hours." Said v. SBS Elecs., Inc., 2010 WL 1265186, at *7 (E.D.N.Y. 2010) (citing Giles v. City of New York, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999)); see Berrios v. Nicholas Zito Racing

Stable, Inc., 849 F. Supp. 2d 372, 387 (E.D.N.Y. 2012).  Here,
plaintiff states in his declaration that his weekly salary "was
meant to cover only my first forty hours worked per week."  See
Valdez Decl. at ¶ 8.  In the absence of any evidence proffered by
defendants that there was an agreement between the parties that
plaintiff's fixed weekly salary was intended to compensate
plaintiff for each hour worked, I recommend calculating
plaintiff's hourly rate based on his having been paid a flat
weekly amount for only 40 hours of work per week.

Accordingly, I calculate plaintiff's hourly rate as follows
based on the plaintiff's declaration, which largely reiterates
the allegations in the Complaint as to hours worked and pay.
Plaintiff worked six days per week and was paid $380 per week
throughout his employment, even though he worked 63 hours per
week for the first six months of his employment and 60 hours per
week for the remainder of his employment.  Compl. at ¶¶ 21, 22;
Valdez Decl. at ¶¶ 6, 8.  Therefore, plaintiff's regular rate was
$9.50 per hour ($380 per week/40 hours).

2.  Overtime Wages

Plaintiff seeks overtime wages since he was not paid time
and one-half for those hours he worked over 40 hours during a
given week.  Since plaintiff claims that he worked more than 40
hours each week during his entire employment, he is entitled to
overtime wages each week.  Having already calculated plaintiff's
regular rate, I calculate one and one-half of his regular rate as

-13-

plaintiff's unpaid overtime wage rate for hours worked in excess of 40 hours in a week, based on plaintiff's estimate of the number of hours he worked.[4]

From October 12, 2013 to April 22, 2014, plaintiff worked from 1:00 p.m. to 12:00 a.m., with a half-hour break each day, for a total of 63 hours per week; and from May 2, 2014 to September 1, 2014, plaintiff worked from 1:30 p.m. to 12:00 a.m., with a half hour break each day, for a total of 60 hours per week.  Valdez Decl. at ¶ 6.  Accordingly, plaintiff's unpaid overtime wages are $8,849.25 ($14.25 per overtime hour * 23 overtime hours per week * 27 weeks) from October 12, 2013 to April 22, 2014 and $5,130.00 ($14.25 per overtime hour * 20 overtime hours per week * 18 weeks) from May 2, 2104 to September 1, 2014.  Thus, plaintiff is owed a total of $13,979.25 in unpaid overtime wages.

    3.  <u>Wage Theft Prevention Act</u>

As discussed above, the WTPA, effective for the relevant time period, states that an employee who is not provided a statement of wages for each work week is entitled to damages of $100 per week up to $2,500.  <u>See</u> <u>id.</u> §§ 195(3), 198(1-d) (2014). I recommend awarding plaintiff $2,500 for defendants' failure to

---

    [4] Plaintiffs rounded down the number of weeks worked from October 12, 2013 to April 22, 2104 and rounded up the number of weeks worked from May 2, 2014 to September 1, 2014.  I accept plaintiff's calculation since he worked more overtime hours per week during the period for which plaintiff rounded down the number of weeks and worked fewer overtime hours per week during the period for which plaintiff rounded up the number of weeks.

provide him with a weekly wage statement.

    4.   Liquidated Damages

    Plaintiff also seeks liquidated damages under both the FLSA
and New York Labor Law.  Liquidated damages under the FLSA are
"compensation to the employee occasioned by the delay in
receiving wages due caused by the employer's violation of the
FLSA."  Herman v. RSR Secs. Servs., Ltd., 172 F.3d 132, 141-42
(2d Cir. 1999); see Irizarry v. Catsimatidis, 722 F.3d 99, 116
(2d Cir. 2013) (noting that liquidated damages under the FLSA are
not penalties).  In contrast, "liquidated damages under the Labor
Law 'constitute a penalty,' to deter an employer's willful
withholding of wages due."  Reilly v. Natwest Mkts. Group Inc.,
181 F.3d 253, 265 (2d Cir. 1999).

    District courts in this circuit are divided as to whether
overlapping liquidated damages awards are available under the
FLSA and the New York Labor Law.  The majority view is that
plaintiffs may recover liquidated damages under both statutes
because each award serves fundamentally different purposes.  See
Hernandez v. Professional Maintenance and Cleaning Contractors
Inc., 2015 WL 128020, at *6 (S.D.N.Y. 2015); Sanchez v. Viva Nail
N.Y. Inc., 2014 WL 869914, at *5 (E.D.N.Y. 2014); Maliza v. 2001
MAR-OS Fashion, Inc., 2010 WL 502955, at *1 & n.4 (E.D.N.Y.
2010); cf. Reilly, 181 F.3d at 265 (plaintiff may recover both
liquidated damages under New York Labor Law and pre-judgment
interest "because [they] serve fundamentally different

-15-

purposes").  However, since recent amendments to the New York
Labor Law increasing liquidated damages from 25% to 100% and
changing the standard of proof, a growing number of judges have
denied double liquidated damages, finding that the New York Labor
Law liquidated damages provision now closely parallels the FLSA
provisions.  See Inclan v. New York Hospitality Group, 955 F.
Supp. 3d 490, 505-06 (S.D.N.Y. 2015); Man Wei Shiu v. New Peking
Taste, Inc., 2014 WL 652355, at *13 (E.D.N.Y. 2014); Gortat v.
Capala Bros., 949 F. Supp. 2d 374, 381-82 (E.D.N.Y. 2013).  While
the reasoning of these courts is persuasive that assessment of
double liquidated damages is not warranted, since the plaintiff's
application here is uncontested, I recommend following the
majority view and awarding liquidated damages under both federal
and state law.

Section 216(b) of the FLSA provides that an employer shall
be liable to the employees who are not paid overtime wages "an
additional equal amount as liquidated damages" unless the
employer can show that it acted in good faith.  29 U.S.C.
§ 216(b).  As the defendants here have defaulted, they have not
shown they acted in good faith.  See, e.g., Blue v. Finest Guard
Servs, Inc., 2010 WL 2927398, at *11 (E.D.N.Y. 2010) (finding
that a defendant's default, in itself, may suffice to support a
claim for liquidated damages); Dong v. CCW Fashion Inc., 2009 WL
884680, at *4-5 (S.D.N.Y. 2009).

Thus, I recommend granting plaintiff liquidated damages under the FLSA in the amount of $13,979.25.

Plaintiffs are also entitled to liquidated damages for unpaid overtime wages under the New York Labor Law.  The burden is on the employer to prove a good faith basis to believe that its underpayment of wages was in compliance with the law to avoid imposition of liquidated damages.  See N.Y. Lab. Law § 663. Liquidated damages are calculated at a 100% rate of the underpayments.  See id.  Thus, plaintiffs are entitled to liquidated damages under the New York Labor Law in the amount of $13,979.25.

In sum, the plaintiff is entitled to the following damages under the FLSA and the New York Labor Law:

| TOTAL DAMAGES SUMMARY | | | | |
|---|---|---|---|---|
| OT Wages Due | FLSA Liquidated Damages | NY Labor Law Liquidated Damages | WTPA Claim | Total |
| $13,979.25 | $13,979.25 | $13,979.25 | $2,500 | $44,437.75 |

5.   Prejudgment Interest

Plaintiff also seeks prejudgment interest on unpaid wages owed under the Labor Law.  Federal courts have long recognized that prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA.  Thomas v. iStar Fin., Inc., 652 F.3d 141, 150 n.7 (2d Cir. 2011); Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988) (citing

-17-

Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 714-16 (1945)).
Since liquidated damages awarded under the FLSA for unpaid wages
are designed to compensate employees for delays in payment, such
damages are the functional equivalent of prejudgment interest.
As the Court has recommended awarding plaintiff liquidated
damages under the FLSA for all unpaid wages owed, plaintiff
cannot also recover prejudgment interest.  Therefore, I recommend
denying plaintiff's request for prejudgment interest on unpaid
overtime wages.

**IV.  Post-Judgment Interest**

     Plaintiff also seeks post-judgment interest pursuant to 28
U.S.C. § 1961.  Section 1961 provides that "[i]nterest shall be
allowed on any money judgment in a civil case recovered in a
district court."  Under the statute, interest is calculated from
the date of the entry of judgment, at the weekly average one year
constant maturity Treasury yield rate published by the Board of
Governors of the Federal Reserve System for the preceding
calendar week.  28 U.S.C. § 1961.  Thus, I recommend that
plaintiff be awarded statutory post-judgment interest.

**V.  Attorneys' Fees**

     The FLSA allows for an award of "reasonable" attorney's
fees.  See 29 U.S.C. § 216(b).  Plaintiff bears the burden of
proving the reasonableness of the fees sought.  See Savoie v.
Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999).

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 188-90 (2d Cir. 2008); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989); see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551-53 (2010) (discussing lodestar methodology). In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. See Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985). If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. See Hensley, 461 U.S. at 434; Lunday, 42 F.3d at 133. The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

A reasonable hourly rate is "the rate a paying client would

-19-

be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.  The reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 894 (1984)).  Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community. See Farbotko v. Clinton Cnty. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005); Chambless, 885 F.2d at 1059.  The "community" is generally considered the district where the district court sits.  See Arbor Hill, 522 F.3d at 190.

Plaintiff seeks $6,053.75 in attorneys' fees for the work of partner Michael J. Borrelli at the hourly rate of $350, senior counsel Alexander T. Coleman at the hourly rate of $250, associate Alexander Gatsman at the hourly rate of $200 and three paralegals at the hourly rate of $75.  See Borrelli Decl. (ct. doc. 17-2) at ¶ 17.  In his sworn declaration, Mr. Borrelli describes the qualifications and experience of each attorney. See id. at ¶¶ 33-63.  Mr. Borrelli is the founding and managing partner of his firm and graduated law school in 2001.  Id. at ¶¶ 33, 35.  Mr. Coleman graduated from law school in 2008 and has practiced at Borrelli & Associates since 2010.  Id. at ¶¶ 51, 53.

Mr. Gatsman graduated from law school in 2011 and began working at Borrelli & Associates in 2014.  Id. at ¶ 63.  Mr. Borrelli further states that the rates requested are reduced from the rates the firm typically charges.  Id. at ¶ 16.  In further support of the rates requested, plaintiffs have submitted declarations from several attorneys practicing in New York, attesting to the reasonableness of the fees requested here.

As a preliminary matter, courts have found that the prevailing hourly rate for partners in this district is between $300 and $400.  See, e.g., Konits v. Karahalis, 409 Fed. App'x 418, 422-23 (2d Cir. 2011) (affirming holding that the prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour); Jean v. Auto & Tire Spot Corp., 2013 WL 2322834, at *6 (E.D.N.Y. 2013); Colon v. City of N.Y., 2012 WL 691544, at *21 (E.D.N.Y. 2012) (approving rate of $350 per hour for solo practitioner); Concrete Flotation Sys., Inc. v. Tadco Constr. Corp., 2010 WL 2539771, at *4 (E.D.N.Y. 2010); Luca v. Cnty. of Nassau, 698 F. Supp. 2d 296, 301-02 (E.D.N.Y. 2010) (collecting cases); see also Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) (observing in FLSA case that "[o]verall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants") (citations omitted).  An award of $350

per hour is consistent with recent attorneys' fee awards in FLSA cases by this Court and other judges in this district.  See Dominguez v. B S Supermarket, Inc., 2015 WL 1439880, at *15 (E.D.N.Y. 2015) (finding reasonable Mr. Borrelli's requested rate of $350 per hour); Castellanos v. Deli Casagrande Corp., 2013 WL 1207058, at *10-*12 (E.D.N.Y. 2013) (awarding Mr. Borrelli $350 per hour); Cuevas v. Ruby Enters. of N.Y., Inc., 2013 WL 3057715, at *2 (E.D.N.Y. 2013) (awarding partners with 16 years and 18 years of experience $350 per hour); Jean, 2013 WL 2322834, at *7 (awarding $350 to attorney with 15 years of experience as a litigator); Gayle v. Harry's Nurses Registry, Inc, 2013 WL 5502951, at *9 (E.D.N.Y. 2013) (reducing $400 hourly rate to $350 per hour in FLSA case for partner with 16 years of experience). Thus, I recommend awarding fees at Mr. Borrelli's requested hourly rate of $350 per hour.

In FLSA cases, reasonable hourly rates awarded for the work of senior associates ranges from $200 to $300 and for junior associates, $100 to $150.  Hernandez v. NJK Contractors, Inc., 2015 WL 5178119, at *4 (E.D.N.Y. 2015); Luo v. L & S Acupuncture, P.C., 2015 WL 1954468, at *2 (E.D.N.Y. 2015); see e.g., Dominguez, 2015 WL 1439880, at *15 (approving rates of $275 per hour for Mr. Coleman and $150 per hour for junior associate); Gonzales v. Gan Israel Pre Sch., 2014 WL 1011070, at *19 (E.D.N.Y. 2014) (recommending award at rate of $275 per hour for senior associate); Jaramillo v. Banana King Rest. Corp., 2014 WL

2993450, at *9 (E.D.N.Y. 2014) (reducing rate of associate practicing since 2010 to $200 per hour); Jean, 2013 WL 2322834, at *7 (awarding $175 per hour for associate admitted to practice in 2011); Duncan v. Revma Electric, Inc., 2013 WL 4899531, at *3 (E.D.N.Y. 2013) (awarding $100 per hour for attorney who had practiced for 4 years); Janus v. Regalis Const., Inc., 2012 WL 3878113, at *13 (E.D.N.Y. 2012) (recommending award of $200 per hour for associates who graduated in 2008 and 2011, respectively).  I recommend granting fees for Mr. Coleman at the requested rate of $250 per hour and Mr. Gatsman at the requested rate to $200 per hour.[5]  I further recommend awarding fees for the work of the paralegals at the requested rate of $75 per hour. See Ferrara v. All American Trucking Servs., Inc., 2012 WL 1042936, at *6-*7 (E.D.N.Y. 2012); Ferrara v. PI Trucking, 2011 WL 7091562, at *4 (E.D.N.Y. 2011).

Plaintiffs' fee request is based on counsel having spent 31.55 hours[6] litigating this case.  See Borrelli Decl. at ¶ 17. Based on my review of counsel's contemporaneous time records, the documentation of the hours billed is sufficient and the time spent is largely reasonable.  However, some of the entries reflect needless duplication among counsel and time spent by a partner at a higher rate than necessary.  For example, Mr.

---

[5] Plaintiff's counsel appropriately billed for travel time at one-half his regular rate.

[6] The billing records submitted incorrectly reflect 37.95 hours.  See ct. doc. 17-6.

Borrelli billed .2 hours on December 3, 2014 for reviewing electronic case filings ("ECF") regarding notices of appearance. See ct. doc. 17-6 at 7.  Similarly, Mr. Borrelli billed .2 hours to reviewing ECF bounces for affidavits of service of the motion for default judgment.  See id. at 9.  On May 1, 2015, Mr. Borrelli billed .1 hours for reviewing an email on which he was copied.  See id. at 11.  Thus, I recommend disallowing .4 hours of Mr. Borrelli's time for a total reduction of $140.00.

Thus, I respectfully recommend awarding attorneys' fees in the amount of $5,913.75.

**VI.   Costs**

Plaintiff further requests an award of $1,238.51 for costs incurred during the course of this litigation, including the court filing fee, service of process fees, postage and on-line research.  See Borrelli Aff. at ¶¶ 18, 19 and Exhs. E (ct. doc. 17-7), F (17-8).  As a general matter, a prevailing plaintiff in an action under the FLSA is entitled to recover costs from the defendant.  See 29 U.S.C. § 216(b).  However, only those costs that are tied to "identifiable, out-of-pocket disbursements" are recoverable.  Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp., 2014 WL 2624759, at *8 (S.D.N.Y. 2014) (quoting Kuzma v. IRS, 821 F.2d 930, 933-34 (2d Cir. 1987)).  Although the costs incurred are routinely recoverable, plaintiff appears to seek reimbursement of the court filing fee of $400 twice.  See ct. doc. 17-7.  Accordingly, I recommend disallowing $400 of the

-24-

costs requested and awarding plaintiff costs in the amount of $838.51.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be granted against defendants H & S Restaurant Operations, Inc. and Julio Hugo as follows: (a) total damages of $44,437.75, including unpaid overtime wages of $13,979.25, $2,500.00 under the Wage Theft Prevention Act, FLSA liquidated damages of $13,979.25, New York Labor Law liquidated damages of $13,979.25; (b) attorneys' fees of $5,913.75; and (c) costs of $838.51.

A copy of this report and recommendation will be filed electronically and sent by mail to the defendants on this date. Objections to the Report and Recommendation must be filed with the Clerk of Court, with a copy to Judge Townes, by April 15, 2016.  Failure to file objections within the time specified waives the right to appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:    Brooklyn, New York
          March 29, 2016


                              /s/
                              MARILYN D. GO
                              UNITED STATES MAGISTRATE JUDGE

-25-