FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 27 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JORGE RAMOS VALDEZ,

                        Plaintiff,

-against-

H & S RESTAURANT OPERATIONS, INC.
d/b/a/ EL MIO CID, and JULIO HUGO

                        Defendants.
-----------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

14-CV-4701 (SLT)(MDG)

**TOWNES, United States District Judge:**

      In August 2014, plaintiff Jorge Ramos Valdez commenced this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law, alleging that he did not receive overtime pay or wage statements for his work at "El Mio Cid," a restaurant operated by defendant Julio Hugo as Chief Executive Officer of defendant H&S Restaurant Operations, Inc. Both defendants were served with a summons and complaint in late October 2014. Neither answered or otherwise responded to the pleading. Accordingly, in November 2014, plaintiff requested that the Clerk of Court enter a default against defendants.

      After the Clerk entered the default, plaintiff requested that the Clerk enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and moved by notice pursuant to Fed. R. Civ. P. 55(b)(2) for damages, costs, and fees. The Court subsequently referred the motion to Magistrate Judge Marilyn Go for a report and recommendation ("R&R").

      On March 29, 2016, Judge Go issued her R&R, recommending that a default judgment be entered against defendants in the total amount of $51,190.01. (R&R at 25). That amount

consisted of $13,979.25 in unpaid overtime; $13,979.25 in liquidated damages under the FLSA; $13,979.25 in liquidated damages under New York Labor Law; $2500 under the New York Wage Theft Prevention Act, $5,913.75 in attorney's fees, and $838.51 in costs. *Id.* The R&R specifically advised defendants that they had fourteen days from service of the R&R in which to file written objections, and that "[f]ailure to file objections within the time specified waives the right to appeal." *Id.* (citing cases)

On March 29, 2016, Judge Go's chambers also mailed a copy of the R&R to each Defendants' last known address. *Id.*; *see also* Rec. Doc. 20. More than a month has passed since the R&R issued, but this Court has yet to receive objections from any party.

A district court is not required to review the factual or legal conclusions of a magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Magistrate Judge Go's Report and Recommendation dated March 29, 2016, is adopted in its entirety. The Clerk of Court is directed to enter a default

judgment in favor of plaintiff and against the defendants, jointly and severally, in the amount of $51,190.01. Upon entry of judgment, the Clerk of Court shall close this case.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: May 26, 2016
Brooklyn, New York